## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**LAMBERT BOYD**                                                                                    **PLAINTIFF**

**v.**                                                **NO.: 1:21-CV-6-JMV**

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security**                                     **DEFENDANT**

### FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an August 12, 2020, partially-favorable final decision of the Commissioner of the Social Security Administration (the "Commissioner") finding that the Plaintiff was disabled beginning December 1, 2019, but not before. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.[1] For the following reasons, the Commissioner's decision is affirmed.

This matter is before the court for resolution of the following issues:[2] (1) whether the ALJ properly followed the remand order from the Appeals Council; (2) whether the ALJ properly considered the opinion of the consultative examiner; (3) and whether the ALJ properly determined Plaintiff's disability onset date. *See* Pl. Br. at 6-19.

---

[1] Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389(1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

[2] The procedural posture of the case is set out sufficiently in the parties' briefs at docket # 22 and # 27.

Regarding the first issue, the Commissioner notes that Section 405(g) authorizes judicial review only where there is a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Here, the Commissioner argues that whether the ALJ complied with the Appeals Council's remand order is not a "final decision of the Commissioner of Social Security made after a hearing." Moreover, the Commissioner argues administrative exhaustion also prevents review because Plaintiff did not obtain an initial determination regarding whether the ALJ followed the Appeals Council's order. *See* 20 C.F.R. § 416.1400(a)(1). Nor did Plaintiff seek reconsideration, an ALJ hearing, or Appeals Council review before seeking federal court review of this alleged error. 20 C.F.R. § 416.1400(a)(2)-(5).

Finally, the Commissioner argues-and the court finds persuasive- that, in any event, claimant has not demonstrated that the ALJ failed to comply with the initial remand order. On the contrary, the Appeals Council's remand order required the ALJ to obtain additional evidence concerning Plaintiff's mental impairments and stated that the "additional evidence may include, if warranted and available, a consultative mental status examination." Tr. at 216 (emphasis added). In this case, additional evidence, including mental treatment records from after the Appeals Council's remand order, were, in fact, added to the record for review. Tr. 215-216; Tr. 13-1, pp. 125-134, 136-275. This assignment of error is without merit.

For his second issue, the claimant contends the ALJ improperly analyzed consultative examiner Dr Massey's opinion. This argument is also without merit for the reasons articulated by the Commissioner and addressed below.

> The record reflects Dr. Massey examined Plaintiff in October 2019. Tr. 31-32; Tr. 13-1, 131-134. Plaintiff had no limitations in walking, standing, sitting, range or motion, muscle strength, grip strength, reflexes, or sensation, and Dr. Massey diagnosed Plaintiff with diabetes mellitus 2. Tr. 32; Tr. 13-1, 131-134. Nevertheless Dr. Massey opined that Plaintiff was limited to occasional lifting and

carrying of 20 pounds and frequent lifting and carrying of 10 pounds. Tr. 13-1, 131-134. The ALJ found this limitation not persuasive because it was not supported by Dr. Massey's exam findings and was inconsistent with the record evidence. Tr. 31-32. The ALJ specifically noted that the only diagnosis was diabetes, and Dr. Massey failed to link that to limitations in lifting or carrying. Tr. 32. The ALJ also observed that Plaintiff's complaint of knee and foot pain to Dr. Massey was the only complaint of knee or foot pain in the record. Tr. 32. The ALJ found it significant that Plaintiff did not complain about knee or foot pain to a treating medical provider. In sum, without exam findings that supported his opinion on lifting and carrying and because his opinion was inconsistent with evidence (i.e., the ALJ's statement that there are no other complaints of knee or foot pain in the record), the ALJ properly found Dr. Massey's opinion not persuasive. Tr. 31-32.

Claimant's third issue – essentially that the ALJ played doctor in assessing claimant as not disabled prior to December 2019 – is without merit. The ALJ cited to significant deterioration in claimant's medical condition beginning in December 2019 warranting a finding of disability not beginning until that date. Prior thereto, claimant has not established a lack of substantial medical evidence to support the assigned non-disabling RFC.

## Conclusion

For the foregoing reasons, the Commissioner's decision is affirmed.

**SO ORDERED**, this the 4th day of March, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**